# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SPIRIT FEDERAL CREDIT UNION, | ) ) ) | |
| Appellee Below/Appellant, | ) ) ) | C.A. No. N15A-05-003 CEB |
| v. | ) ) | |
| SPEEDY KEY LOCK & TOW SERVICES and DOUGLAS COUDEN, | ) ) ) ) | |
| Appellants Below/Appellees. | ) | |

Date Submitted: October 21, 2015
Date Decided: January 29, 2016

*Upon Consideration of*
*Appeal from Court of Common Pleas.*
**AFFIRMED.**

L. John Bird, Esquire, FOX ROTHSCHILD LLP, Wilmington, Delaware. Attorney for Appellant.

R. Joseph Hrubiec, Esquire, LAW OFFICE OF ALBERT M. GRETO, Wilmington, Delaware. Attorney for Appellees.

**BUTLER, J.**

In this appeal, Plaintiff Below/Appellant American Spirit Federal Credit Union ("ASFCU") seeks review of a decision by the Court of Common Pleas that reversed a prior decision by the Justice of the Peace Court refusing to vacate a default judgment for "excusable neglect." ASFCU has appealed but for the reasons set forth below, the Court of Common Pleas' decision to reverse the J.P. Court's denial is **AFFIRMED**.

## FACTS & PROCEDURAL POSTURE

The underlying dispute arises from a contract in which ASFCU engaged Speedy Key to repossess and store two recreational vehicles. Speedy Key successfully repossessed the RVs and stored them at a private lot pursuant to the parties' agreement. But Speedy Key would not release said vehicles absent payment by ASFCU, so ASFCU filed suit against Speedy Key and its principal, Douglas Couden.

The Court is basically familiar with the dispute because the Credit Union initially filed suit in replevin in this Court.[1] After briefing, the Court determined that jurisdiction over a replevin action belongs in the first instance in the J.P. Court and therefore dismissed the action in Superior Court.

---

[1] *See* Compl., *Am. Spirit Fed. Credit Union v. Speedy Key Lock & Tow Serv.*, N13C-09-189 CEB (Del. Super. Ct. Sept. 20, 2013).

1

Apparently, unwilling or unable to resolve the dispute, it carried down into the J.P. Court and was ready for a trial there on June 9, 2014. But the magistrate continued the trial after realizing that Speedy Key was not properly served. The J.P. Court ordered: (1) ASFCU to file an alias and complaint with the proper address for Speedy Key; (2) Mr. Couden to obtain an attorney, or a Civil Form 50;[2] and (3) Speedy Key to file any counterclaim within 15 days. The court sent a blank Civil Form 50 to Mr. Couden with its Order.

ASFCU filed an alias and renewed complaint on June 10, 2014, and properly served Speedy Key on June 24, 2014. Speedy Key, through Mr. Couden, filed its Answer and Counterclaim (for storage fees) on July 8, 2014, along with a Civil Form 50. The J.P. Court mailed Speedy Key a deficiency notice on the same day, indicating that the Civil Form 50 was incomplete because it failed to appoint a representative and was not validated by the Chief Magistrate's office. The Answer and Counterclaim was also defective because it was not signed.

Speedy Key did not correct its mistakes before the parties appeared again for trial on July 22, 2014. ASFCU appeared represented by its attorney and Speedy Key appeared *pro se* through Mr. Couden. The J.P. Court entered default judgment against Speedy Key for failing to correct its filing deficiencies, and

---

[2] A "Form 50" is a form intended to effectuate J.P. Ct. Civ. R. 91, calling upon non attorney individuals who seek to represent a corporation to file a "Certificate of Representation" with the Chief Magistrate and otherwise comply with Delaware Supreme Court Rule 57.

dismissed the case with prejudice as to Mr. Couden, finding that he was not a personal guarantor on any obligation of Speedy Key.

Mr. Couden filed a Motion to Vacate Default Judgment as well as a properly validated Civil Form 50 six days later, on July 28, 2014. He argued that the J.P. Court should vacate the default judgment because he thought that the Chief Magistrate would provide the validated Civil Form 50 to the court. Mr. Couden explained that he mailed a completed Civil Form 50 to the Chief Magistrate to be validated after receiving the deficient filing notice and was unaware that he needed to file the executed and validated copy with the J.P. Court.

After a hearing on the motion, the J.P. Court issued a written decision on September 24, 2014, in which it determined that Mr. Couden's failure to properly complete and file the Civil Form 50 did not constitute excusable neglect pursuant to J.P. Court Civil Rule 60(b)(1)[3] and denied Mr. Couden's Motion to Vacate.

---

[3] J.P. Ct. Civ. R. 60(b) provides:

> On motion and upon such terms as are just the Court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered at the time of the trial; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective applications; or (6) any other reason justifying relief from the operation of the judgment.

3

Speedy Key appealed the J.P. Court's decision to the Court of Common Pleas. Upon briefing by both parties, the Court of Common Pleas found that Speedy Key's failure to properly file the Civil Form 50, the sole basis for the J.P. Court's denial of the Motion to Vacate, constituted "excusable neglect" within the meaning of Rule 60(b). The Court of Common Pleas therefore reversed the J.P. Court's denial of the Motion to Vacate and remanded the matter for further proceedings. ASFCU filed a Motion for Reargument, which the Court of Common Pleas denied.[4]

ASFCU appealed the Court of Common Pleas decision to this Court. ASFCU argues that Mr. Couden's failure to properly file a Civil Form 50 was not excusable neglect.[5] Speedy Key, of course, argues that the Court of Common Pleas properly reversed the J.P. Court decision because Speedy Key established excusable neglect such as would warrant *vacatur* of the judgment against it.

---

[4] *See* 2015 WL 3824124 (Del. Com. Pl. May 1, 2015).

[5] Based on the analysis in the J.P. Court's September 24, 2014 Order, it appears that the J.P. Court considered the improper Civil Form 50 filing as the sole basis for the entry of default judgment. As such, this Court will only consider whether the improper Civil Form 50 filing constituted excusable neglect.

4

## STANDARD OF REVIEW

An appeal from a decision of the Court of Common Pleas to the Superior Court is had on the record and not *de novo*.[6] This Court reviews appeals from the Court of Common Pleas as the Supreme Court would consider an appeal.[7] The Court's function is limited to correcting legal error and determining whether the factual findings made by the trial judge are "sufficiently supported by the record and are the product of an orderly and logical deductive process."[8] Questions of law are reviewed *de novo*.[9]

A motion to set aside a default judgment is addressed to the sound discretion of the trial court, and denial of such motion is an appealable final order.[10] Pursuant to 10 *Del. C.* § 9571, a final order in a civil action in J.P. Court may be appealed to the Court of Common Pleas. But the appeal may address only the reasons for denying the motion to vacate and not the default judgment itself.[11] Review in the

---

[6] Super. Ct. Civ. R. 72(g).

[7] *Fletcher v. Shahan*, 2002 WL 499883, at *2 (Del. Super. Mar. 6, 2002).

[8] *State v. Anderson*, 2010 WL 4513029, at *4 (Del. Super. Nov. 1, 2010).

[9] *Bailey's Constr. Co., Inc. v. Clark*, 20001 WL 1198948, at *1 (Del. Super. Sept. 19, 2001).

[10] *Id.*

[11] *Ney v. Polite*, 399 A.2d 527, 529 (Del. 1979).

Court of Common Pleas, therefore, "is limited to the issue of whether the trier-of-fact abused its discretion in denying the motion to vacate the default judgment."[12]

Thus, the question before the Court now is did the Court of Common Pleas err as a matter of law in finding that the J.P. Court abused its discretion when it denied Speedy Key's Motion to Set Aside Default Judgment. For the reasons set forth below, the Court finds no error of law in the Court of Common Pleas' decision.

## DISCUSSION

A party moving to vacate a default judgment must satisfy three elements: "(1) excusable neglect in the conduct that allowed the default judgment to be taken; (2) a meritorious defense to the action that would allow a different outcome to the litigation if the matter was heard on its merits; and (3) a showing that substantial prejudice will not be suffered by the [non-moving party] if the motion is granted."[13] After carefully considering the parties' contentions and the procedural facts of this case, the Court of Common Pleas concluded that Appellees satisfied the standard required for relief and held that the magistrate abused its

---

[12] *Hurd v. Smith*, 2009 WL 1610516 (Del. Com. Pl. June 10, 2009); *see also Bailey's Constr.*, 2001 WL 1198948, at *1 (quoting *Canton Inn, Inc. v. Sec. Instruments Co.*, 1986 WL 2258, at *1 (Del. Super. Jan. 31, 1986)) ("[S]ince the magistrate exercised his discretion under [Justice of the Peace Court Civil Rule 60], his order denying relief can be set aside on appeal only for abuse of discretion or error of law.").

[13] *Verizon Delaware, Inc. v. Baldwin Line Const. Co.*, 2004 WL 838610, at *1 (Del. Super. Apr. 13, 2004).

6

discretion in the denial of the motion to vacate. The Court finds no error of law in the Court of Common Pleas' well-reasoned analysis.

The parties particularly disagree as to whether Mr. Couden's failure to file a Civil Form 50 constitutes excusable neglect. This Court finds no error in the Court of Common Pleas' determination that it does. In *Bernice's Educational School Age Center, Inc. v. Cooper*, a *pro se* defendant failed to file a Civil Form 50 on behalf of the co-defendant corporate entity prior to trial and the J.P. Court entered a default judgment for the plaintiff.[14] The J.P. Court denied the defendant's subsequent motion to vacate the default judgment.[15] On appeal, the Court of Common Pleas found that the magistrate denial of the motion was arbitrary and capricious and held that the defendant's failure to file the Civil Form 50 was excusable neglect because the unrepresented defendant acted as a reasonably prudent person under the circumstances.[16] As the court noted, "a person can be reasonably prudent yet still be mistaken."[17]

Here, Mr. Couden exhibited the same diligence and excusable neglect as the defendant in *Bernice's School*. Mr. Couden attempted to file the Civil Form 50 at

---

[14] 2013 WL 601097, at *1 (Del. Super. Feb. 18, 2013).

[15] *Id.*

[16] *Id.* at *4.

[17] *Id.* (quoting *Keener v. Isken*, 58 A.3d 407, 410 (Del. 2013)).

7

least twice, albeit unsuccessfully. Mr. Couden stated that he believed in good faith that the Chief Magistrate would validate and provide the completed Form 50 to the J.P. Court and that he did not think he needed to take any further action. In furtherance of Delaware's "strong judicial policy of deciding cases on the merits and giving parties to litigation their day in court, . . . the Court will resolve any doubts raised by the motion in favor of the moving party."[18] Accordingly, we find no error by the court below in finding this issue in Mr. Couden's favor. And unlike those cases in which a party fails to defend its interests entirely, Mr. Couden appeared for trial in the J.P. Court. Thus, the Court of Common Pleas properly determined that Mr. Couden's actions on behalf of Speedy Key demonstrated his diligence in attempting to comply with the J.P. Court's rules and that his improper filing of the Civil Form 50 constituted excusable neglect.

## CONCLUSION

For the foregoing reasons, the decision of the Court of Common Pleas reversing and remanding the J.P. Court's denial of Speedy Key's Motion to Vacate Judgment is **AFFIRMED**.

Judge Charles E. Butler

---

[18] *Verizon*, 2004 WL 838610, at *1.

8